IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIA RICHARDSON )<br>    and )<br>TOBI JACKSON )<br> )<br>            Plaintiffs, )<br>    v. )<br> )<br>LTC ENTERPRISES INC. d/b/a/ )<br>DIRECT MEDIATORS )<br> )<br>            Defendant. )<br>_____) | | Civil Action No. |

## COMPLAINT
## UNLAWFUL DEBT COLLECTION PRACTICES

### I. INTRODUCTION

1.  This is an action for damages brought by individual consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### II. JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.  Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

4.  Plaintiff Dania Richardson (DR) is an adult individual residing at 11 Medford Court, Sicklerville, NJ 08081.

5.  Plaintiff Tobi Jackson (TJ) is an adult individual residing at 828 Blackwood-

Clementon Road, Apartment 109, Pine Hill, NJ 08021.  TJ is DR's mother.

6. Defendant LTC Enterprises Inc., doing business under the fictitious name Direct Mediators ("Defendant"), is a business entity that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 1615 Pine Avenue, Niagara Falls, NY 14301. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## IV.  FACTUAL ALLEGATIONS

7. At all times pertinent hereto, Defendant was hired by Sagamore to collect a debt relating to consumer credit purchases that were allegedly originally owed to Sagamore (hereafter the "debt").

8. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes.

9. In or about September 2009, Defendant contacted TJ regarding DR's debt, in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted. During this contact, Defendant left a threatening message stating that "if DR did not return the phone call, DR's account would be turned over to the authorities."

10. Notwithstanding the above, on or about September 9, 2009, Defendant contacted TJ in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.  During this contact, Defendant left a second voicemail on TJ's voicemail threatening that if her daughter did not call by 7:30 pm that evening, or by the next morning, then Defendant will turn over DR's account to the authorities.

11. Notwithstanding the above, on or about September 10, 2009, DR contacted

Defendant to discuss the voicemail left on TJ's phone. During that conversation, DR advised Defendant not to contact DR at her place of employment.

12. Notwithstanding the above, on or about October 2, 2009, Defendant contacted DR at her place of employment in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted. Defendant spoke with DR's co-worker, Alicia Bungy and she informed Defendant that DR is not allowed to have calls at the workplace. Defendant proceeded to ask for the office's fax number and when Ms. Bungy did not give it, Defendant sarcastically stated "Do you know who I am? I am a paralegal." Defendant then called Ms. Bungy a "dumbass" and hung up.

13. The Defendant acted in a false, deceptive, misleading and unfair manner by contacting DR at an unusual time or place or a time or place known or which should be known to be inconvenient to DR.

14. The Defendant acted in a false, deceptive, misleading and unfair manner by continuing to communicate with DR at her place of employment when the Defendant knew or had reason to know that such calls were inconvenient to her and that her employer did not permit such calls at her place of employment.

15. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing DR to pay the debt.

16. The Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing or implying that DR had committed a crime.

17. The Defendant acted in a false, deceptive, misleading and unfair manner when it, without permission from DR, communicated with TJ that DR owes a debt.

18. The Defendant acted in a false, deceptive, misleading and unfair manner by repeatedly and continuously using abusive, obscene, and derogatory language towards DR's co-worker.

19. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

20. Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

21. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

22. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of DR and TJ herein.

23. As a result of Defendant's conduct, DR and TJ have sustained actual damages, including, but not limited to, injury to their reputation, invasion of privacy, damage to DR's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great

detriment and loss.

## V. **FIRST CLAIM FOR RELIEF- VIOLATION OF THE FDCPA**

24.     Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

25.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

26.     Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

27.     The above contacts by Defendant were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

28.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§1692b, 1692c(a)(1), 1692c(a)(3), 1692c(b), 1692d, 1692d(2), 1692d(5), 1692e(5) and 1692f, as evidenced by the following conduct:

(a)  Communicating with any person other than the consumer for a purpose other than acquiring location information of consumer;

(b)  Communicating with DR at an unusual time or place or a time or place known or which should be known to be inconvenient to the plaintiff;

(c)  Communicating with the DR at DR's place of employment when the Defendant knew or had reason to know that the DR's employer prohibits the DR from receiving such communications;

(d)  Communication in connection with the collection of any debt, with any person other than the consumer;

(e)  Engaging in conduct the natural consequence which is to harass, oppress or abuse and person in connection with the collection of a debt;

(f) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader;

(g) Causing a telephone to ring or engaging any person in conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

(h) Threatening to take any action that cannot legally be taken or that is not intended to be taken; and

(i) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect any debt.

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of coercing DR to pay the alleged debt.

30. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiffs in the sum of Plaintiffs' statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiffs respectfully pray that relief be granted as follows:

(a) That an order be entered declaring that the Defendant's actions as described above are in violation of the FDCPA;

(b) That an order be entered enjoining Defendant from continuing to communicate with Plaintiffs in violation of the FDCPA;

(c) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(1);

(d) That judgment be entered against Defendant for actual damages pursuant

    to 15 U.S.C. § 1692k(a)(2)(A);

 (e) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

 (f) That the Court grant such other and further relief as may be just and proper.

## VI.   SECOND CLAIM FOR RELIEF-INVASION OF PRIVACY

31. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

32. Defendant contacting DR at her place of employment, contacting TJ's residence multiple times and disclosing DR's debt to TJ constitutes an invasion of privacy.

33. As a result of Defendant's above mentioned conduct, DR and TJ sustained and continue to sustain the losses and damages as set forth above.

WHEREFORE, Plaintiffs claim compensatory, punitive and all other forms of cognizable damages against Defendant and judgment in her favor, plus lawful interest thereon, attorney's fees and costs of suit.

## VIII.   JURY TRIAL DEMAND

34. Plaintiff demands trial by jury on all issues so triable.

         **RESPECTFULLY SUBMITTED,**

         **FRANCIS & MAILMAN, P.C.**

      BY: */s/ Mark D. Mailman*
         MARK D. MAILMAN, ESQUIRE
         ERIN A. NOVAK, ESQUIRE
         100 South Broad Street 19th Floor
         Philadelphia, PA 19110
         (215) 735-8600
DATE: September 1, 2010    Attorneys for Plaintiffs