IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIA RICHARDSON<br>    and<br>TOBI JACKSON,<br><br>          Plaintiffs,<br><br>     v.<br><br>LTC ENTERPRISES INC., d/b/a/<br>DIRECT MEDIATORS,<br><br>          Defendant. | Civil Action No. 10-4439 |

## PLAINTIFFS' ANSWER TO COUNTER-CLAIM

Plaintiffs Dania Richardson and Tobi Jackson, through undersigned counsel, answer Defendant LTC Enterprises Inc., d/b/a/ Direct Mediators' counter-claim as follows:

### I.   DEFENDANT'S NINTH AFFIRMATIVE DEFENSE AND FIRST COUNTER-CLAIM

19.   Plaintiffs deny each and every allegation, either expressed or implied, contained in paragraph 19 of Defendant's counter-claim.  Further, Plaintiff Richardson specifically denies that she has a "legal and binding debt/obligation to 'SAGAMORE'" and demands strict proof thereof.

20.   Plaintiffs deny each and every allegation, either expressed or implied, contained in paragraph 20 of Defendant's counter-claim.  Plaintiff Richardson specifically denies that she owes a debt to "SAGAMORE in the approximate sum of Five Hundred Ten ($510.00) Dollars as of July 17, 2009," and demands strict proof thereof.

21.   Plaintiffs deny each and every allegation, either expressed or implied, contained in paragraph 21 of Defendant's counter-claim.  Plaintiffs specifically deny that Defendant's

attempts to collect the debt were legal or lawful.  Plaintiff Richardson further denies that she "refused and neglected" to pay the debt, and demands strict proof thereof.

22. Plaintiffs deny each and every allegation, either expressed or implied, contained in paragraph 22 of Defendant's counter-claim.  Specifically, Plaintiff Richardson denies acknowledgment of the validity and amount of the debt, and demands strict proof thereof.

23. Plaintiffs are without sufficient knowledge or information to admit or deny the averments of paragraph 23; therefore, the allegations are denied.

## II. DEFENDANT'S TENTH AFFIRMATIVE DEFENSE AND SECOND COUNTER-CLAIM

24. Plaintiffs deny each and every allegation, either expressed or implied, contained in paragraph 24 of Defendant's counter-claim.

25. Plaintiffs deny each and every allegation, either expressed or implied, contained in paragraph 25 of Defendant's counter-claim.

WHEREFORE, Plaintiffs demand judgment dismissing Defendant's counter-claim with prejudice, and awarding such additional relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED,**

**FRANCIS & MAILMAN, P.C.**

BY: _/s/ Erin A. Novak_
MARK D. MAILMAN, ESQUIRE
ERIN A. NOVAK, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

DATE: March 16, 2011             Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I, **ERIN A. NOVAK**, hereby certify that this 16th day of March, 2011, a true and correct copy of the foregoing Plaintiffs' Answer to Counter-Claim was served via ECF Notification on the following:

Leroy J. Janiczek, Esq.
Reilly, Janiczek & McDevitt, P.C.
1 South Penn Square
The Widener Building, Suite 410
Philadelphia, PA  19107
ljaniczek@rjm-law.com

*Counsel for Defendant*
*LTC Enterprises Inc. d/b/a Direct Mediators*

**FRANCIS & MAILMAN, P.C.**

*/s/ Erin A. Novak*
ERIN A. NOVAK
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiffs